IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The Estate of Latoya Nicole Valentine, by and through Debra grate, Personal Representative and Debra Grate, in her individual capacity,<br><br>Plaintiffs,<br><br>vs.<br><br>The State of South Carolina, the Office of the Governor, Henry D. McMaster, Nimrata "Nikki" Haley, Joshua Baker, Christian Soura, the South Carolina Department of Health and Human Services, the South Carolina Department of Disabilities and Special Needs, the Pickens County Disabilities and Special Needs Board, Mary Poole, Patrick Maley, Lois Park Mole, Susan Beck, Beverly Buscemi, Stanley Butkus, Kathi Lacy, William Barfield, Thomas Waring, Robert Kerr, William Danielson, Elaine Thena, John Owens, and Diane Anderson,<br><br>Defendants. | C/A No. 3:18-00895-JFA<br><br><br><br><br><br><br><br>**MEMORANDUM OPINION & ORDER** |

This matter is currently before the court on Plaintiffs' motion to reconsider. (ECF No. 199). Plaintiffs seek to have this court alter or amend its previous order filed December 23, 2020, (the "Order") wherein this court granted the motion to quash Plaintiffs' deposition subpoenas and subpoenas *duces tecum* directed at Defendants Governor Henry D.

McMaster, and former Governor Nimrata "Nikki" Haley (the "Governors"). (ECF No. 196). The court orally denied this motion on February 12, 2021 (ECF No. 220) and provides the following memorandum opinion as an explanation for the basis of denial.

## I.     FACTUAL AND PROCEDURAL HISTORY

The relevant factual and procedural history is outlined in the court's previous order at issue and is incorporated herein by reference. (ECF No. 196). By way of brief recitation, the Order quashed Plaintiffs' deposition subpoenas and subpoenas *duces tecum* directed at the Governors on several separate and independent grounds. Accordingly, the Governors were protected from submitting to depositions or responding to subpoenas *duces tecum*.

## II.     LEGAL STANDARD

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as one brought pursuant to Rule 54(b).

Under Rule 54(b), any order that adjudicates fewer than all claims "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). However, this discretion is not limitless as interlocutory rulings are treated as the law of the case. *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (cleaned up).

"However, a motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered merely because the movant is displeased

2

with the outcome." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). "Nor should such a motion be used to raise new arguments or evidence that could have been raised previously." *Id.*

Within the motion, Plaintiffs failed to cite the appropriate standard for any relief sought or specifically identify the proper grounds which would justify an order altering or amending a prior decision. Based on their arguments, it appears Plaintiffs aver that the Order contained clear errors causing manifest injustice. (ECF No. 199). The Court will attempt to adjudicate these arguments accordingly.

### III.   ANALYSIS

Initially, Plaintiffs argue that this court erred in quashing the subpoenas *duces tecum* in which Plaintiffs requested a litany of materials from the Governors. Plaintiffs aver that this court erred in finding that Plaintiffs failed to properly file a motion to compel any non-compliance with this document request. Instead, Plaintiffs argue that the burden in objecting to a subpoena should have been placed on the Governors. However, Plaintiffs fail to acknowledge that the Governors timely served objections on June 8, 2020 and consequently refused to produce any materials. (ECF No. 210-1). Thereafter, Plaintiffs failed to respond to the objections or file a motion to compel production. Plaintiffs' opportunity to file such a motion expired 21 days after receipt of the Governors' objections. Local Civ. Rule 37.01 (D.S.C.).

Additionally, contrary to their assertions, Plaintiffs never addressed the subpoena *duces tecum* when responding to the Governors' original motion for a protective order.[1] Thus, their argument that a motion to compel document production would have been superfluous is wholly without merit. As stated in the Order, Plaintiffs cannot now cure their counsel's previous failure to act by simply reserving a subpoena *duces tecum* after the close of discovery—especially after counsel was warned that no other discovery would be allowed.

Next, Plaintiffs argue that this court failed to properly apply the criteria set forth in Rule 26 by placing the burden of proof on the party seeking discovery. Plaintiffs aver that the court erroneously shifted the burden of proof to Plaintiffs and failed to consider the needs of the case, the importance of the issues, the amount in controversy, relative access to information, resources, and the importance of the discovery as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Although Federal Rule of Civil Procedure 26(b)(1) speaks to the "scope in general" of discovery, Plaintiffs fail to acknowledge that Federal Rule of Civil Procedure 26(b)(2) states that "the court must limit the frequency or extent of discovery *otherwise allowed by these rules* or by local rule if it determines that: the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." (emphasis added). The Order clearly states that "[b]ecause Plaintiffs have failed to exercise any of

---

[1] Plaintiffs' June 5, 2020, response to the motion for protective order focused solely on their efforts to depose the Governors and requested only that this court "issue an order requiring [the Governors] to sit for a deposition at a reasonable time and place." (ECF No. 136).

4

these viable alternate options, Federal Rule of Procedure 26(b)(2)(C) dictates that the court 'must limit' the otherwise allowable discovery." (ECF No. 196, p. 14). Plaintiffs' arguments regarding the scope of allowable discovery misses the mark given that the Order prohibits otherwise allowable discovery pursuant to Federal Rule of Procedure 26(b)(2)(C).

Plaintiffs then argue that the Court misinterpreted counsel's statement regarding Defendants' admissions. Plaintiffs allege that the "Court misinterpreted counsel's statement at the hearing as an admission that Haley and McMaster have already provided in their Ten Question answers all of the information Plaintiffs seek." (ECF No. 199, p. 10). However, Plaintiffs argument here misconstrues the Order. Within the Order, the court held that:

> during oral argument, Plaintiffs' counsel averred that much of the information needed to support their claims was provided by the Governors within their supporting affidavits. (ECF Nos. 189-3, 189-4). This only bolsters the conclusion that Plaintiffs could have obtained the necessary information via less burdensome and less costly means such as proper interrogatories, requests for admission, or requests to produce.

(ECF No. 196, p. 12).

Therefore, the court never concluded the Governors' prior written statements were conclusive admissions. The above was offered to show that "Plaintiffs had ample opportunity to acquire the information now sought via traditional, less expensive, and less burdensome discovery avenues" yet chose not to. This simple fact proved that the "Governors' alternative argument pursuant to Federal Rule of Civil Procedure 26(b)(2)

5

also establishes separate justification for prohibiting these depositions and subpoenas." (ECF No. 196, p. 12). Thus, Plaintiffs' argument lacks merit.

Plaintiffs also aver that the court's finding of improper motives is not supported by the record or applicable law. Not so. The record on this point is clear. Plaintiffs' counsel conducted virtually no discovery in relation to the 23 defendants in this action other than deposing William Barfield and attempting to depose the Governors. Plaintiffs' counsel failed to timely act on objections to the subpoena *duces tecum* discussed above. Plaintiffs' counsel failed to adequately respond to Defendant Joshua Baker and nonparty Mary Poole's motions for protective order[2]. Plaintiffs' counsel failed to depose Defendants Thomas Waring, Robert Kerr, and Christian Soura even after this court specifically held that Plaintiffs could proceed with their depositions and extended the discovery deadline to accommodate these depositions. (ECF Nos. 153 & 167). Plaintiffs' brief references the 10-deposition limitation contained within the Federal Rules of Civil Procedure as if they were procedurally hindered from conducting full discovery yet failed to depose more than one individual. Instead, Plaintiffs' counsel fixated their efforts on attempts to depose the Governors who they openly admit have no personal knowledge of the individual Plaintiffs themselves or the specific damages alleged. The record clearly supports the conclusion that Plaintiffs' counsels' fixation on deposing the Governors, while virtually ignoring all other defendants, indicates that these discovery efforts were properly characterized as attempts

---

[2] This court prohibited Plaintiffs from deposing Baker and Poole only after Plaintiffs failed to provide the required briefing on their respective motions for a protective order and effectively abandoned their efforts to depose these individuals. (ECF No. 187).

to annoy, harass, or embarrass. Accordingly, Plaintiffs have failed to show how the court's findings were not properly supported by the record.

Next, Plaintiffs aver that the Court erred in finding that Plaintiffs failed to timely pursue discovery in the claims against Haley and McMaster. In support, Plaintiffs argue:

> The Court abused its discretion in ruling that Plaintiffs could have "previously obtained via a more convenient and less burdensome avenue, such as by serving requests for production," especially considering the fact that Defendants did not file their amended answers until January, 2020 and did not identify their expert witnesses (late)[3] until April, 2020, after Covid restrictions were put into place.
> (ECF No. 199, p. 14).

Plaintiffs fail to show how these alleged delays prevented timely discovery efforts when considering Plaintiffs failed to pursue any written discovery at any point in this litigation. As stated above, Plaintiffs failed to seek compliance with the subpoena *duces tecum* in a timely fashion. Plaintiffs also failed to serve any written discovery requests on any other party in this action[4]. This is true even though the court has expressly stated that "[o]f course, any party is free to petition the court for additional discovery, protection therefrom, or additional time to complete discovery by way of proper motion should they

---

[3] In an attempt to call the kettle black, Plaintiffs' counsel makes several references to Defendants' "late" identification of expert witnesses as some sort of justification for delays in discovery efforts. However, Plaintiffs fail to acknowledge that these disclosures were not late as the court's standing order, Misc. Number: 3:20-mc-105, in response to the pandemic gave Defendants an additional 21 days to identify experts. An extension of which Plaintiffs' counsel was well aware as she erroneously attempted to invoke it in a similar case before the undersigned. *See Stogsdill v. S.C. Dep't of Health & Human Servs.*, No. CV 3:12-0007-JFA (ECF No. 384).

[4] Plaintiffs' counsel served written interrogatories and requests for production on only one party, Pickens County DSN Board. However, those written discovery requests were served not in the instant federal litigation, but in a parallel state court action.

7

desire." (ECF No. 166, p. 7-8). Accordingly, Plaintiffs have failed to show any error in the Order.

Additionally, Plaintiffs' counsel takes issue with this court's reference to Plaintiffs' counsel's statements made during oral argument wherein she stated she had previously called McMaster to "get him off the golf course." Plaintiffs' counsel now avers this singular call was made in 2004 regarding a personal relative of hers and was in no way improper. Despite the time and attention devoted by both parties in discussing this phone call within their respective briefs, Plaintiffs' counsel's actions in this matter alone, wholly apart from any phone call to McMaster, led this court to conclude that "Plaintiffs' counsel's endeavors can only be characterized as attempts to annoy, embarrass, or harass the Governors." (ECF No. 196, p. 11). The reference to counsel's phone call to McMaster was made as an example of conduct that merely "reinforce[d] this Court's concern that Plaintiffs' counsel, seeks these depositions in attempts to embarrass, harass, or annoy." *Id.* The fact that Plaintiffs' counsel voluntarily used a personal anecdote from over a decade ago to somehow inculpate McMaster in current litigation again only reinforces the conclusions reached in the Order. Because counsel's statements regarding this prior phone call were relatively immaterial to the court's ultimate conclusion, Plaintiffs have failed to show why any amendment to the Order is warranted.

Plaintiffs next take issue with the concern regarding the precedent to be set should Plaintiffs be allowed to depose the Governors in this litigation. Plaintiffs aver that "Valentine's Estate and Grate have made serious charges of violations of federal civil laws and RICO, which sets them apart from the run of the mill Medicaid appeal." (ECF No. 199,

p. 25). On this point, the court agrees. Plaintiffs' complaint does include serious allegations. However, since filing the operative complaint, Plaintiffs' counsel has done little to bolster these allegations other than seek to depose the Governors. The Order clearly expresses this court's concern that allowing Plaintiffs to proceed here would set the stage for:

> each potential plaintiff [to] be allowed to force the Governors, and only the Governors, to sit for a burdensome deposition after only filing a complaint and engaging in no other discovery. Plaintiffs' counsel has failed to show that her endeavors are a claim-specific, tailored approach, employed to ferret out facts and information which could plausibly relate to her client's specific damages.

(ECF No. 196, p. 16).

Accordingly, Plaintiffs have failed to elucidate any error within the Order which calls for amendment.

Plaintiffs additionally aver that this court erred in holding that Plaintiffs should not be allowed to inquire as to "nefarious dealings". In support of this argument, Plaintiffs aver that their civil conspiracy and RICO claims "are, by definition 'nefarious'." (ECF No. 199, p. 31). However, Plaintiffs fail to properly quote the Order. Far from prohibiting Plaintiffs' search for bad behavior related to this case, the Order, and other prior orders, seek to limit counsels' search for "nefarious dealings *at large*[5]." (ECF No. 196, p. 6 & 16)(emphasis added). It can hardly be said that the court erred in attempting to limit a "search for nefarious dealings at large with little to no regard for the impact any such information will

---

[5] *See At Large*, Black's Law Dictionary (11th ed. 2019) ("1. Free; unrestrained; not under control 2. Not limited to any particular place, person, matter, or question.").

have on the individual Plaintiffs' claims for relief." (ECF No. 196, p. 16). Accordingly, Plaintiffs' arguments on this point also lack merit.

As an aside, Plaintiffs attempt to incorporate by reference many arguments asserted in prior filings[6]. However, a motion to reconsider should not be used as an opportunity to rehash previous arguments. *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). Accordingly, to the extent any of Plaintiffs' incorporated arguments are not addressed above, they are likewise without merit as they have been previously considered and rejected by the court.

Also, although not necessary for purposes of this motion, the court would state that it agrees with Defense counsel's assertions that Plaintiffs misstated the holding in the Fourth Circuit's unpublished per curiam opinion in *Kobe v. Haley*, 666 F. App'x 281 (4th Cir. 2016). According to Plaintiffs' counsel, "[i]n that case, the Fourth Circuit held in 2016 that the Office of the Governor could be held liable for monetary damages under the ADA when a qualified disabled person's rights are violated due to the conscious indifference of the Governor's Office." (ECF No. 199 at 19 (citing *Kobe*, 666 F. App'x at 302–04).). However, in fact, the cited opinion never even mentions the terms "conscious indifference." Instead, that case held only that "We also vacate the district court order to

---

[6] *See* ECF 199 p. 6 ("Plaintiffs restate and incorporate by reference the discussion of those subpoenas, which were served upon former DDSN Commissioners after the discovery deadline had expired."); p. 7 ("Plaintiffs restate and incorporate by reference their objections filed on October 14, 2020 (ECF182 - McMaster) and October 23, 2020 (ECF186 - Haley) to the evasive and non-responsive answers of these Defendants."); p. 10 ("as discussed in Plaintiffs' prior responses, including those at ECF 182 and ECF 186, which are incorporated herein by reference."); p. 27 ("The Plaintiffs repeat and re-argue the arguments made in prior filings, including, but not limited to ECF 264, ECF 165, ECF 182, ECF 186 and ECF 190, all with attachments.").

the extent that it dismisses Counts One and Two against Governor Haley on the basis of Eleventh Amendment immunity." 666 F. App'x at 304. Accordingly, Plaintiffs' use of that case here to argue that they should have unfettered access to the Governors based on injures to a particular disabled person without a further showing of an affirmative causal link is misplaced.

## IV.     CONCLUSION

For all of the reasons stated above, the motion to reconsider (ECF No. 199) is respectfully denied.

IT IS SO ORDERED.

March 2, 2021                                               Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge