IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The Estate of Latoya Nicole Valentine, by and through Debra grate, Personal Representative and Debra Grate, in her individual capacity,<br><br>Plaintiffs,<br><br>vs.<br><br>The State of South Carolina, the Office of the Governor, Henry D. McMaster, Nimrata "Nikki" Haley, Joshua Baker, Christian Soura, the South Carolina Department of Health and Human Services, the South Carolina Department of Disabilities and Special Needs, the Pickens County Disabilities and Special Needs Board, Mary Poole, Patrick Maley, Lois Park Mole, Susan Beck, Beverly Buscemi, Stanley Butkus, Kathi Lacy, William Barfield, Thomas Waring, Robert Kerr, William Danielson, Elaine Thena, John Owens, and Diane Anderson,<br><br>Defendants. | C/A No. 3:18-00895-JFA<br><br><br><br><br><br><br><br><br><br>**MEMORANDUM OPINION & ORDER** |

This matter is currently before the court on Plaintiff's motion to reconsider. (ECF No. 258). Plaintiff seeks to have this court alter or amend its previous order filed May 24, 2021 (the "Order") wherein this court adjudicated several motions for summary judgment. (ECF No. 249). Having been fully briefed, this motion is ripe for review.

1

## I. FACTUAL AND PROCEDURAL HISTORY

The relevant factual and procedural history is outlined in the court's previous order at issue and is incorporated herein by reference. (ECF No. 249). By way of brief recitation, the Order granted six defense motions for summary judgment in full; granted in part and denied in part defendant Diane Anderson's motion for summary judgment; and denied Plaintiff's motion for partial summary judgment in full. The net effect of this Order was the dismissal of all defendants except Diane Anderson. Additionally, several claims against Anderson were also dismissed.

## II. LEGAL STANDARD

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as one brought pursuant to Rule 54(b).

Under Rule 54(b), any order that adjudicates fewer than all claims "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). However, this discretion is not limitless as interlocutory rulings are treated as the law of the case. *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (cleaned up).

"However, a motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered merely because the movant is displeased with the outcome." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C.

2017). "Nor should such a motion be used to raise new arguments or evidence that could have been raised previously." *Id.*

As she has done in the past, Plaintiff's motion fails to cite the appropriate standard for any relief sought or specifically identify the proper grounds which would justify an order altering or amending a prior decision. Based on the arguments presented, it appears Plaintiff avers that the Order contained clear errors causing manifest injustice. (ECF No. 258).

### III.    ANALYSIS

A thorough review of Plaintiff's motion, along with its exhibits, reveals that Plaintiff's motion is procedurally improper, substantively lacking, and should be summarily denied. Plaintiff states at the outset that "[f]or purposes of issue preservation (if necessary), Plaintiffs file this motion objecting to [the Order]. For purposes of issue preservation, Plaintiffs restate their responses to Defendants' motions for summary judgment as if those responses were incorporated herein." (ECF No. 258, p. 1).

Initially, as several defendants point out and Plaintiff later concedes, motions to reconsider are unnecessary for issue preservation. *Henry A. Knott Co., Div. of Knott Indus. v. Chesapeake & Potomac Tel. Co. of W. Virginia*, 772 F.2d 78, 81 n.3 (4th Cir. 1985). Therefore, Plaintiff's motion appears to be wholly superfluous on its face.

Additionally, this court has specifically warned Plaintiff that incorporation of prior arguments in motions to reconsider is inappropriate as a motion to reconsider should not be used as an opportunity to rehash previous arguments. (ECF No. 229, p. 10). Despite these prior admonitions, Plaintiff apparently sees a motion to reconsider as a vital

procedural step on her ultimate road to the Fourth Circuit. Specifically, Plaintiff avers in her Reply that she has filed this motion to reconsider "as a courtesy to the Court and in an effort to avoid the cost to all parties of a remand." (ECF No. 270, p. 1). [1]

The Court appreciates Plaintiff's courtesy but notes that the motion completely fails to address the standards applicable in such a motion or appropriately argue how those standards apply here. Plaintiff's motion amounts to mere disagreement with the Court's Order and cites to no change in applicable law; no new evidence; or a clear error causing manifest injustice. To be sure, Plaintiff's motion does include additional attachments. However, Plaintiff's attorney has failed to show how these attachments are in anyway relevant to the actual Plaintiff in this action. One such exhibit is a 138-page document entitled "Response of Former Director Poole to her Firing". (ECF No. 258-1). Despite attaching 138 pages of "new evidence," Plaintiff fails to cite to any specific page or portion thereof or otherwise explain how this document has any sort of relation to Valentine or Grate. Plaintiff's second exhibit contains a chart with fiscal data from 2009-2021. (ECF No. 258-2). Plaintiff fails to indicate how this data was not available for use in the original motions or how it relates to the injuries alleged by Valentine and Grate.

This Court agrees with Defendant's contention that Plaintiff's motion is "nothing more than a perfunctory, conclusory, reiteration of arguments previously made, and for a purpose not required by any rule of practice and procedure." (ECF No. 264, p. 4).

---

[1] Plaintiff supports this assertion by later stating that "[h]istorically, when the South Carolina District Court has granted summary judgment in cases brought against DHHS and/or its agents (including DDSN), scarce judicial resources have been wasted by not trying all claims in a single trial, resulting in costly remands by the Fourth Circuit."

Accordingly, Plaintiff has failed to present any new evidence; identify an intervening change in the law; or otherwise show a clear error in the Court's prior Order. The Court understands that Plaintiff's attorney disagrees with the rulings issued in the Order. However, a perfunctory motion to reconsider which merely rehashes the exact same arguments previously presented and adjudicated by the Court fails to advance her cause in the slightest and only causes further delay and waste of resources.

## IV.   CONCLUSION

For all of the reasons stated above, the motion to reconsider (ECF No. 258) is respectfully denied.

IT IS SO ORDERED.

August 5, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge