IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The Estate of Latoya Nicole Valentine, by and through Debra Grate, Personal Representative and Debra Grate, in her individual capacity,<br><br>Plaintiffs,<br><br>vs.<br><br>The State of South Carolina; the Office of the Governor; Henry D. McMaster; Nimrata "Nikki" Haley; Joshua Baker; Christian Soura; the South Carolina Department of Health and Human Services; the South Carolina Department of Disabilities and Special Needs; the Pickens County Disabilities and Special Needs Board; Mary Poole; Patrick Maley; Lois Park Mole; Susan Beck; Beverly Buscemi; Stanley Butkus; Kathi Lacy; William Barfield; Thomas Waring; Robert Kerr; William Danielson; Elaine Thena; John Owens; and Diane Anderson;<br><br>Defendants. | C/A No. 3:18-00895-JFA<br><br>**MEMORANDUM, OPINION, AND ORDER** |

This matter is before the court on Attorney Patricia Harrison's "Motion to Stay." (ECF No. 324). Because this matter is meritless on its face, the Court feels no need to await responses in opposition, if any, in denying the motion.

1

Initially, the Court would note that this motion to stay appears to be, in substance, a motion to alter or amend the court's previous judgment pursuant to Federal Rule of Civil Procedure Rule 59 or for relief from a judgment pursuant to Rule 60. Specifically, Harrison does not merely request a stay of the sanctions previously imposed by this Court, but rather requests that this court "immediately comply with Local Rule Rule 83.I.08 Rules IV and V, thereby providing Appellant notice and an opportunity to present her defense to an impartial arbiter while the appeal is pending in the Fourth Circuit." (ECF No. 324-1, p. 21). Indeed, Harrison implores the Court to "seek the Fourth Circuit's permission to vacate its ruling on sanctions." (ECF No. 324-1, p. 18). Thus, what Harrison is really requesting here is that the Court vacate its previous order issuing sanctions for her conduct in this litigation and refer the matter for further proceedings pursuant to Local Civ. Rule 83.I.08 *Rules IV and V* (D.S.C.).[1] Accordingly, the "stay" as requested by Harrison would render the appeal, and thus a stay of the appeal, moot.

Although the time to file a motion to amend has expired, there appears to be no just grounds for relief from judgment, and this matter has already been appealed[2], Harrison seeks to persuade this Court to reverse course via a "motion to stay." Because this motion

---

[1] Relevant here, Local Civil Rule 83.I.08 encompasses enumerated "Rules of Disciplinary Enforcement." For ease of reference, these rules will be referred to as "*RDE Rule __*" as they appear in the District of South Carolina's Local Civil Rules.

[2] "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Thus, Harrison's request for relief outside of a stay would also be improper as her notice of appeal has divested this Court of jurisdiction to make such substantive rulings.

is in actuality a motion to amend captioned as a motion to stay, it is procedurally improper and subject to summary dismissal on this ground alone.

Even if this motion were procedurally proper, it would nonetheless be subject to denial. The crux of Harrison's motion is that the Court issued sanctions against her without implementing the specific procedures set forth in the Local Rules. Harrison is indeed correct that the Local Rules of this district set out a procedure for investigating and disciplining attorney for "misconduct defined in these rules, and for good cause shown." *RDE Rules IV* and *V*. However, Harrison fails to acknowledge that these rules do not prohibit the Court from imposing sanctions on attorneys for conduct performed in matters before it. Indeed, *RDE Rule XI* states:

> Nothing contained in these rules shall be construed to deny to this court such powers as are necessary for this court to maintain control over proceedings conducted before it, including, but not limited to, the power to impose sanctions including civil penalties or other action authorized by rule or statute, enjoin violations of the law, or institute proceedings for contempt.

Because the rules Harrison references do not inhibit a Judge from imposing sanctions for proceedings conducted before the court, her attempts to chastise the Court for alleged failure to implement these procedures are wholly without merit.[3]

---

[3] The Court would also note that Local Civ. Rule 1.02 (D.S.C.) states that "[f]or good cause shown in a particular case, the court may suspend or modify any Local Civil Rule." Thus, this Court had the authority to modify the application of Local Civ. Rule 83.I.08 *Rules IV* and *V* were it necessary. However, modification was unnecessary given that the Rules of Disciplinary Enforcement (83.I.08 *et seq.*) Harrison relies upon specifically grant the court "powers as are necessary for this court to maintain control over proceedings conducted before it, including, but not limited to, the power to impose sanctions." Local Civ. Rule 83.I.08 *Rule XI* (D.S.C.).

3

Additionally, in general "Local Civil Rules of practice shall govern the conduct of the United States District Court for the District of South Carolina, except when the conduct of this court is governed by federal statutes and rules." Local Civ. Rule 1.01 (D.S.C.). Because the sanctions against Harrison were issued pursuant to both statute and Rules of Civil Procedure (Rule 11 and 28 U.S.C. § 1927), those provisions controlled the process by which sanctions were issued. Federal Rule of Civil Procedure 11 specifically allows that "*[o]n its own*, the court may order an attorney . . . to show cause why conduct specifically described in the order has not violated Rule 11(b)" and "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney." (emphasis added). That procedure was followed here, and therefore, Harrison's motion must be denied.

Harrison cites to the case of *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 550 (4th Cir. 1990) in support of her motion. There, the Court analyzed a similar rule which established that "[n]othing contained in these Rules shall be construed to deny to this court such powers as are necessary for the court to maintain control over proceedings conducted before it, such as proceedings for contempt." *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 550 (4th Cir. 1990). The Fourth Circuit ultimately concluded that "[w]e think this provision was not intended, as the district court believed, to allow a district court to impose disciplinary penalties at its own behest for any unethical conduct which occurs before it, but rather to allow a court the ability to deal summarily with disruptive conduct in the courtroom." *Id.*[4]

---

[4] The Court would hasten to point out that the Court in *Blue* upheld certain sanctions not withstanding any failure to adhere to local rules. *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 537

However, the provision at issue in *Blue* was materially different than the Rule at issue here because *RDE Rule XI* specifically provides for "the power to impose sanctions." The local rule at issue in *Blue* referenced only proceedings for contempt. Requiring a judge to refer each instance of sanctionable conduct to the formal process outlined in *RDE Rules IV and V*, as Harrison suggests, would render *RDE Rule XI* meaningless.

The undersigned carefully proscribed sanctions pursuant to applicable authorities and only for Harrison's actions within this specific lawsuit. The Court issued a rule to show cause, allowed a response to the Court, allowed further response to opposing counsel, and held a hearing to receive argument in person. Harrison's attempt to argue, for the first time[5], that the Court failed to follow applicable procedures or somehow denied her a right to due process is unavailing. Thus, her motion to stay is denied.

As a practical matter, the process outlined in *RDE Rules IV* and *V* envisions a situation where attorney discipline is necessary for extrajudicial conduct and was not meant to displace a district court judge's ability to issue sanctions for conduct in their respective actions. *See e.g. In re White*, No. 3:11-MC-65, 2011 WL 1884582, at *2 (D.S.C. May 16,

---

(4th Cir. 1990) (upholding sanctions where the "district court based its award of sanctions not simply on the filing of a frivolous suit but also on the prolonged maintenance of a frivolous suit well after the close of discovery."). Instead, the *Blue* Court only vacated the District Court's reprimand of counsel in "adjudging them to have violated the North Carolina Rules of Professional Conduct" by representing two clients with conflicting interests. *Id.* at 550. Here, the Court made no such determination as to whether Harrison violated South Carolina's Rules of Professional Conduct.

[5] The Court would note that Harrison's improper "motion to stay" is the first time Local Civ. Rule 83.I.08 *Rules IV* and *V* (D.S.C.) have been referenced in this litigation. Thus, it appears that Harrison may have asserted this motion solely to prevent the argument from being waived on appeal. Such dilatory tactics should not be condoned.

2011)(utilizing the three judge panel to impose reciprocal discipline commensurate with discipline issued by the South Carolina Supreme Court unrelated to a federal case). District Courts in South Carolina have readily issued sanctions pursuant to Rule 11 and other applicable authorities without utilizing the procedures Harrison argues are mandatory here. *See eg. BidZirk, LLC v. Smith*, No. CIV.A. 6:06-109-HMH, 2007 WL 3119445, at *8 (D.S.C. Oct. 22, 2007)("The court finds that the degree of Plaintiffs' counsel's culpability weighs heavily in favor of sanctioning the Plaintiffs' counsel."); *Meisner v. Zymogenetics, Inc.*, No. CV 3:19-1555-CMC-PJG, 2020 WL 376002, at *9 (D.S.C. Jan. 23, 2020)("The court finds Plaintiff has engaged in conduct that demonstrates bad faith and constitutes vexatious litigation by pursuing this action."). Thus, Harrison's arguments lack merit, and the motion is denied.

IT IS SO ORDERED.

April 26, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge